UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OCEANLAKE PARTNERS, LLC,

       Plaintiff,

v.

                                      Case No. 8:14-cv-560-T-24 TGW

NANOVERE TECHNOLOGIES, LLC,

       Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 19). Plaintiff opposes the motion (Doc. No. 22), and Defendant has filed a reply brief (Doc. No. 25). As explained below, the motion is granted.

**I. Background**

Plaintiff Oceanlake Partners, LLC alleges the following in its complaint (Doc. No. 1): Certain non-parties to this case, Plaintiff, and Defendant Nanovere Technologies, LLC entered into an Investment Termination Agreement in March of 2012 that required Defendant to execute and deliver a promissory note ("the Note") in favor of Plaintiff. A copy of the Note is attached as an exhibit to the Investment Termination Agreement. While Plaintiff alleges that Defendant executed the Note, Plaintiff alleges that the Note is in Defendant's possession.

Pursuant to the terms of the Note, Defendant promised to pay Plaintiff $100,000, with interest accruing at 5%, by March 12, 2013. If Defendant failed to pay off the Note by March 12, 2013, Defendant was required to pay a penalty of an additional amount equal to 100% of the outstanding principal and interest due under the Note. The Note provides Plaintiff two options if Defendant failed to pay off the Note by March 12, 2013: (1) Plaintiff could enforce the Note in

accordance with its terms, including the late payment penalty amount; or (2) Plaintiff could allow Defendant to cancel the Note in exchange for Defendant immediately issuing Plaintiff a 1% membership interest in Defendant.

Defendant failed to pay off the Note by March 12, 2013, and Plaintiff is evaluating its options under the Note. As a result, Plaintiff filed this lawsuit, in which it asserts two claims: (1) declaratory relief regarding the value of each of the two options under the Note, including whether the late payment penalty is enforceable as liquidated damages under Florida law;[1] and (2) enforcement of the Note in accordance with Plaintiff's election.

## II. Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion

---

[1] The Note provides that it is governed by Florida law.

is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

### III. Motion to Dismiss

Defendant moves to dismiss the complaint, arguing that even though it *executed* the Note, because it never *delivered* the Note to Plaintiff, the Note is not enforceable. In support of its position, Defendant cites authority that, in part, addresses negotiable instruments.

In response, Plaintiff does not dispute the delivery requirement for negotiable instruments. Instead, Plaintiff argues that the delivery requirement only applies to negotiable instruments and that the Note is not a negotiable instrument. Accordingly, Plaintiff argues that its complaint is not due to be dismissed. In its reply, Defendant argues that delivery is a requirement for both negotiable instruments and non-negotiable instruments.

Upon consideration, this Court agrees with Defendant that delivery is required before a promissory note can be enforced. See Johnson v. Smith, 84 So. 2d 722 (Fla. 1956). In Johnson, the plaintiff sued to enforce a promissory note, and the defendant asserted the defense of non-delivery. See id. at 723. The trial court struck the defense and entered default judgment, and the defendant appealed. See id. at 724. The judgment was reversed and the court stated:

> By his first defense the appellant denied that the note sued upon was ever delivered. If proven, this would have been a valid legal defense to the cause of action set forth in the complaint. It should be noted that the complaint was grounded entirely upon the promissory note. In order to establish the binding effect of a promissory note between the parties, delivery to the payee is an essential prerequisite. Furthermore, in a suit upon a promissory note, if between the original parties thereto, nondelivery is a valid defense. While there may be a

> presumption of delivery, the presumption is rebuttable, with the maker who denies the delivery carrying the burden of proof.

Id.

In this case, Plaintiff alleges in the complaint that the Note is in Defendant's possession. In its response brief, while Plaintiff does not contend that there was actual delivery of the Note, Plaintiff argues that it could allege facts showing that there was constructive delivery of the Note. The Court concludes that the allegations in the complaint at this time are not sufficient, and the complaint is due to be dismissed. However, the Court will give Plaintiff an opportunity to amend the complaint.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 19) is **GRANTED**.  Plaintiff is directed to file an amended complaint by July 14, 2014. Failure to do so will result in the dismissal of this case without further notice.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of July, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record