UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OCEANLAKE PARTNERS, LLC,

        Plaintiff,

v.

                                                  Case No. 8:14-cv-560-T-24 TGW

NANOVERE TECHNOLOGIES, LLC,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 28). Plaintiff opposes the motion. (Doc. No. 30). As explained below, the motion is granted in part and denied in part.

**I. Background**

Plaintiff Oceanlake Partners, LLC alleges the following in its amended complaint (Doc. No. 27): Certain non-parties to this case, as well as Plaintiff and Defendant Nanovere Technologies, LLC, entered into an Investment Termination Agreement ("the Agreement") in March of 2012. The Agreement required Defendant to execute a promissory note ("the Note") in favor of Plaintiff and to deliver the Note to Plaintiff. A copy of the Note is attached as an exhibit to the Investment Termination Agreement.

It appears that the parties were not in the same room when they executed the Agreement and Defendant executed the Note, and as a consequence, Defendant emailed Plaintiff a copy of the executed Agreement and Note. Plaintiff alleges that the original Note is in Defendant's possession.

Pursuant to the terms of the Note, Defendant promised to pay Plaintiff $100,000, with

interest accruing at 5%, by March 12, 2013. If Defendant failed to pay off the Note by March 12, 2013, Defendant was required to pay a penalty of an additional amount equal to 100% of the outstanding principal and interest due under the Note. The Note provides Plaintiff two options if Defendant failed to pay off the Note by March 12, 2013: (1) Plaintiff could enforce the Note in accordance with its terms, including the late payment penalty amount; or (2) Plaintiff could allow Defendant to cancel the Note in exchange for Defendant immediately issuing Plaintiff a 1% membership interest in Defendant.

Defendant failed to pay off the Note by March 12, 2013, and Plaintiff is evaluating its options under the Note. As a result, Plaintiff filed this lawsuit, in which it now asserts three claims: (1) Count One - declaratory relief regarding whether the Note was actually or constructively delivered to Plaintiff; (2) Count Two - declaratory relief regarding the value of each of the two options under the Note and then asking the Court to enter judgment for Plaintiff based on the option it selects; and (3) Count Three - breach of the Agreement due to Defendant's failure to deliver the Note to Plaintiff and enforcement of the underlying Note.

## II. Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct.

1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

### III.  Motion to Dismiss

Defendant moves to dismiss the amended complaint, arguing that: (1) Count One is not a proper claim for declaratory relief; (2) Count Two must be dismissed, because the Note was not delivered; and (3) Count Three fails to state a claim. Accordingly, the Court will address each argument.

#### A.  Count One

In Count One, Plaintiff asserts a claim for declaratory relief regarding whether the Note was actually or constructively delivered to Plaintiff. Defendant moves to dismiss this claim, arguing that it is not a proper claim for declaratory relief. The Court agrees with Defendant. Whether the Note was delivered is relevant to the issue of whether Plaintiff can enforce the Note; it is not a proper claim on its own. Accordingly, the Court dismisses this improper claim for declaratory relief.

### B.  Count Two

In Count Two, Plaintiff asserts a claim for declaratory relief regarding the value of each of the two options under the Note and then asks the Court to enter judgment for Plaintiff based on the option it selects.  Defendant moves to dismiss this claim, arguing that because the Note was not delivered to Plaintiff, Plaintiff does not have the right to enforce the Note (or to seek a declaration regarding his options for enforcement).

In ruling on a prior motion to dismiss in this case, this Court ruled that delivery is required before a promissory note can be enforced.  See Johnson v. Smith, 84 So. 2d 722 (Fla. 1956).  In response, Plaintiff amended its complaint to allege actual or constructive delivery of the promissory note via Defendant's email of the Note to Plaintiff.  In support of this contention, Plaintiff cites to Florida's Uniform Electronic Transaction Act, Florida Statute § 668.50.  Plaintiff, however, fails to cite to any case law applying § 668.50 and finding that emailing a *copy* of an original promissory note satisfies the delivery requirement.  Accordingly, the Court agrees with Defendant that this claim is due to be dismissed; however, the Court dismisses this claim  without prejudice.

### C.  Count Three

In Count Three, Plaintiff asserts a claim for breach of the Agreement due to Defendant's failure to deliver the Note to Plaintiff and for enforcement of the underlying Note.  Defendant argues that Count Three fails to state a claim and should be dismissed.

To the extent that Plaintiff alleges a breach of the Agreement due to Defendant's failure to deliver the Note to Plaintiff, the Court concludes that this is a sufficiently pled claim.  While Defendant argues that Plaintiff has not alleged that it suffered any damages, it is clear that

Plaintiff has been damaged in that it is unable to enforce the Note that it was entitled to receive.

However, to the extent that Plaintiff is attempting to assert a claim for breach of the Agreement by arguing that the terms of the Note are part of the Agreement, the Court rejects this argument. The Agreement and Note are separate contracts, and while Plaintiff can sue for breach of the Agreement (due to Defendant's failure to deliver the Note), Plaintiff cannot attempt to enforce the Note by suing on the Agreement—that is simply a creative way to circumvent the delivery requirement. If Plaintiff's suit for breach of the Agreement results in delivery of the Note to Plaintiff, then Plaintiff can attempt to enforce the Note at that time.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 28) is **GRANTED IN PART AND DENIED IN PART**: The motion is **DENIED** to the extent that Plaintiff seeks to assert a claim for breach of the Agreement due to Defendant's failure to deliver the Note. Otherwise, the motion is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of August, 2014.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record